Dear Mr. Pivach:
Your request for an opinion, on behalf of the Board of Commissioners for the Millennium Port Authority, has been forwarded to me for response. In your request, you seek an opinion on two issues:
 • Whether the Bylaws (passed by the Commission) "[satisfy] the legal requirements as mandated by the enabling statutes of the Millennium Port Authority and the Legislature?"
 • "Whether it is sufficient for the `majority of the members present' to decide matters (other than the selection of the Executive Director), or is the `majority of all members' required?"
The Millennium Port Authority statutes were added by the Legislature byActs 1999, No. 1225. The stated purpose of the Legislature in creating the Millenium Port Authority (Authority) is to "[promote], plan, finance, develop, construct, control, license, regulate, supervise, operate, manage, maintain and modify offshore or onshore terminal facilities to be constructed within the jurisdiction of said authority after July 1, 1999, in order to promote the economic welfare of [the citizens of Louisiana]." La. R.S. 34:3471.
La. R.S. 34:3474 establishes a Board of Commissioners, and provides the method by which the nine voting and two ex-officio (non-voting) Commissioners are appointed. La. R.S. 34:3475 provides the duties of the Board and the vote necessary to act upon all matters.
La. R.S. 34:3475(G) addresses your second request. It provides "All matters to be acted upon by the Board of Commissioners shall require the affirmative vote of a majority of the board, with the exception that the affirmative vote of not less than five commissioners shall be required to select the executive director." "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La. C.C. Art. 9.
The clear language of La. R.S. 34:3475(G) requires the vote of a majorityof the board to act upon any matter. There are no apparent absurd consequences reached by this interpretation of the clear language ofLa. R.S. 34:3475(G).
The statute makes no mention of the "majority of the members present" as sufficient to take any action. Also, by requiring an affirmative vote of the majority of the board to act upon any matter, La. R.S. 34:3475 thereby establishes the quorum necessary for the authority to hold a meeting and act upon any matter, as one and the same.
In your first request, you ask whether the Bylaws (passed by the Commission) "[satisfy] the legal requirements as mandated by the enabling statutes of the Millennium Port Authority and the Legislature?
La. R.S. 34:3475 merely requires that "The board of commissioners shall prescribe its own rules, which shall be adopted and promulgated." The law gives no other guidance as to the content of the rules other than the implied instruction that the rules accord with the enabling statutes.
An examination of the Bylaws reveals that they do conform with the enabling statutes, with the following exception. The Bylaws establish four officer positions within the Board: President, Vice President, Treasurer, and Secretary. However, only two official positions are established by La. R.S. 34:3475 President and Secretary. While there is certainly no threat to public order by adding additional officer positions, there is also no statutory authority for doing so. Where the legislature sees fit, it has expressly authorized the appointment of additional officer positions. See La. R.S. 17:3022 (Student Finance Commission authorized to "appoint such other officers and employees as necessary "); and La. R.S. 17:2812 ("The board of directors may also elect or appoint such other officers, agents, or employees as it shall deem necessary or advisable ").
As these additional positions are not statutorily authorized, it should be clarified in the Bylaws that the Board has adopted these additional positions as "unofficial positions" necessary, in its estimation, to accomplish the purpose set for it by the legislature.
I trust this opinion has sufficiently addressed your concerns. Please contact this office should you require further assistance.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________________ THOMAS L. ENRIGHT, JR. ASSISTANT ATTORNEY GENERAL
TLE/dsc